IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

DAIN M. COOK,

    Plaintiff,

v.

TRUIST INVESTMENT SERVICES, INC.,

    Defendant.

Civil Action No. _____

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, 1441, and 1446, Defendant Truist Investment Services, Inc. ("Truist"), by counsel, hereby removes this action from the Circuit Court for DeKalb County, Illinois, to the United States District Court for the Northern District of Illinois, Western Division. Removal is proper because this Court has diversity jurisdiction over the action. *See* 28 U.S.C. § 1332. Removal is proper because this action contains an issue of federal question as Plaintiff Dain M. Cook ("Cook" or "Plaintiff") alleges a violation of the Fair Debt Collection Practices Act. *See* 28 U.S.C. § 1331. In support thereof, Defendant states as follows:

**I.    Background**

1. This action was commenced on March 22, 2021, in the Circuit Court of DeKalb County, Illinois, styled *Dain M. Cook v. Truist Investment Services, Inc.,* Case No. 2021-SC-000166 (the "State Court Action").

2. A copy of the State Court Action Complaint (the "Complaint") is attached hereto as **Exhibit A**.

3. Defendant was served through its registered agent on April 5, 2020, therefore this action is timely removed pursuant to 28 U.S.C. § 1446(b)(1).

115660485v2

4. The State Court Action concerns the Defendant's alleged conduct regarding a business line of credit Plaintiff had with Defendant (the "Loan"). (Compl. pp. 12, 14, 16)

5. The State Court Action alleges a violation of the Illinois Banking Act, 205 ILCS 5/ et seq., and a violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692(g) *et seq.* ("FDCPA"), arising from Plaintiff's alleged correspondences to Defendant regarding validation of the debt. The Complaint thus presents a federal question pursuant to 28 U.S.C. § 1331 for purposes of removal. (Compl., *passim*.)

6. As relief, Plaintiffs seek actual damages, statutory damages, and punitive damages in the total amount of $1,001,000.00. (Compl., *prayer for relief*.)

**II.     Grounds for Removal**

    **A.     Complete Diversity Exists Between Plaintiff and Truist.**

7. Upon information and belief, Plaintiff is a citizen of the State of Illinois.

8. Truist Investment Services, Inc. is a North Carolina corporation with its principal place of business in Charlotte, North Carolina. Accordingly, Truist is a citizen of North Carolina for purposes of determining diversity of citizenship jurisdiction.

9. Accordingly, there is complete diversity between Plaintiff and Defendant Truist.

    **B.     The Amount in Controversy Exceeds $75,000.00.**

10. Diversity jurisdiction requires an amount in controversy of greater than $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

11. The party removing the case to federal court has the initial burden of establishing that the jurisdictional amount has been satisfied by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

12. Where the amount of damages are unspecified in the complaint, a good faith estimate of the stakes by the defendant will be accepted if it is plausible and supported by a

preponderance of the evidence. *Id.* Once the defendant has established the amount in controversy, the plaintiff can defeat jurisdiction only "if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

13. When evaluating whether a suit exceeds the amount-in-controversy threshold, courts consider all damages available to a plaintiff as of the date the suit is filed or removed to federal court, including compensatory damages, punitive damages and attorneys' fees. *Id.* at 510.

14. Where both actual and punitive damages are recoverable, each must be considered to determine the jurisdictional amount. *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000).

15. Here, Plaintiff seeks actual damages of $1,000.00, and additional damages in the amount of $1,000,000.00, for total damages sought of at least $1,001,000.00. *See* Compl. *Prayer for relief*.

16. Although Truist disputes that Plaintiff is entitled to any such amount and deny all liability for Plaintiff's claims, the amount in controversy requirement is satisfied by the face of the Complaint.

17. In sum, complete diversity exists and the amount in controversy requirement is satisfied by the face of the Plaintiffs' Complaint. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper.

    **C.**    **This Matter Presents A Federal Question**

18. Removal is proper if a plaintiff's claim arises under federal law. *See Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1033 (7th Cir. 2014); s*ee also* 28 U.S.C. §§ 1331, 1441(c)(1)(A).

19. Removal is proper in the instant matter as the FDCPA presents a federal question, and this Court has subject matter jurisdiction over the federal question. *See United States v. Kollintzas*, 501 F.3d 796, 801 (7th Cir. 2007).

20. Count II of Plaintiff's Complaint alleges a violation of the FDCPA, a federal statute. The requirements of 28 U.S.C. § 1331 and 28 U.S.C. 1441(c)(1)(A) are thus met. Accordingly, this Court has subject matter jurisdiction over the instant matter, and removal is proper.

### III. **VENUE**

25. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a), because this district and division embrace the Circuit Court for DeKalb County, Illinois, the forum in which the removed action was pending.

### IV. **NOTICE**

26. Pursuant to 28 U.S.C. § 1446(d), concurrent with filing this Notice of Removal, Defendant will file a Notice of Filing of Notice of Removal in the DeKalb County, Illinois Circuit Court, and will attach a copy of this Notice of Removal thereto. A copy of everything filed in the state court case is attached as **Exhibit A**. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **Exhibit B**.

27. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

28. If any questions arise as to the proprietary of the removal of this action, Truist requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, for the reasons stated above, Defendant Truist Investment Services, Inc. requests that the above-referenced case be removed to the United States District Court for the

115660485v2

Northern District of Illinois, Western Division.

| | |
|---|---|
| Dated: May 5, 2021 | Respectfully Submitted,<br><br>TRUIST INVESTMENT SERVICES, INC.<br><br>By: /s/ Punit K. Marwaha<br>Punit K. Marwaha (ARDC #6307990)<br>Christina J. Lesko (ARDC #6306427)<br>Troutman Pepper Hamilton Sanders LLP<br>227 West Monroe Street, Suite 3900<br>Chicago, Illinois 60606<br>312-759-5949 office<br>punit.marwaha@troutman.com<br>christina.lesko@troutman.com<br>*Counsel for Defendant Truist Investment Services, Inc.* |

115660485v2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May, 2021 a true and correct copy of the foregoing *Notice of Removal* was sent via first class mail, postage prepaid, to the following counsel of record:

Dain M. Cook
524 N. 10th St.
DeKalb, IL 60115

By: /s/ Punit K. Marwaha
Punit K. Marwaha

115660485v2